UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
DONALD LALOR, on behalf of himself and all other
persons similarly situated,

                                      Plaintiff,                              **COMPLAINT**

             -against-

AUTOBASE INC., and DONNA LABELLA,                    *Collective Action*

                                  Defendants.
-----------------------------------------------------------------------------X

Plaintiff, DONALD LALOR ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his counsel, the Romero Law Group PLLC, complaining of the Defendants, AUTOBASE INC. ("Autobase") and DONNA LABELLA ("Labella," together, with Autobase, as "Defendants"), alleges as follows:

## NATURE OF THE CLAIM

1.      Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL"), Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 142, as well as for Defendants' failure to pay Plaintiff wages for certain hours worked at his agreed upon rate of pay under the NYLL, failure to pay all wages owed no later than his regular pay day for the pay period in which he was terminated pursuant to NYLL § 191-3, failure to provide a wage notice upon his hire under the NYLL and 12 N.Y.C.R.R. § 142-2.1., failure to furnish accurate wage statements for each pay period under NYLL § 195(3), and any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of

all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 201, *et seq*. and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

5. Plaintiff is a resident of the County of Suffolk, State of New York.

6. At all times relevant, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and New York Labor Law § 190(2).

7. At all times relevant, Defendant Autobase is and was a domestic business corporation doing business at 326 Bayview Avenue, Amityville, New York 11701.

8. At all times relevant, Defendant Autobase was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to tools, automobiles, mechanical equipment, machines, fuel, oil, lubricants, automotive fluids, receipt papers, and other

tools, equipment, and materials, all of which undoubtably traveled in interstate commerce, and accepted payment from credit cards and other moneys that originate from out of New York State.

9. At all times relevant, Defendant Autobase was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and New York Labor Law § 190(3).

10. At all times relevant, Defendant Labella is and/or was an owner, chief executive officer, and/or manager of Autobase, had authority to make payroll and personnel decisions for Autobase, was active in the day to day management of Autobase, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

## **FACTS**

11. Defendants own and operate a utility truck service located at 326 Bayview Avenue, Amityville, New York 11701, which dispatches "Help" trucks on highways across Long Island from their yard located in Amityville.

12. Plaintiff was employed by Defendants as a "Help" truck driver from in or about May 2021 until January 15, 2024. Plaintiff's primary job duties included providing assistance to stranded motorists on highways.

13. Throughout his employment, Plaintiff regularly worked more than 40 hours per workweek. Plaintiff regularly worked five days per week: each Monday through Friday from 4:45 a.m. until 10:00 a.m., and then again from 2:45 p.m. until between 7:30 p.m. and 8:00 p.m. each day.

14. As a result of this schedule, Defendants required Plaintiff to work, and he regularly did work between fifty and fifty-two and one-half hours nearly every week of his employment

3

with Defendants. Thus, throughout his employment, Defendants regularly required Plaintiff to work, and he did in fact work, in excess of forty hours virtually every week.

15. Despite requiring Plaintiff to come into work at 4:45 a.m. to open the yard for all of Defendants' truck drivers, Defendants did not compensate Plaintiff for any of the hours he worked before 6:00 a.m. each day. Additionally, Defendants stopped paying Plaintiff at 7:00 p.m. each day, despite the fact that Plaintiff was required to return the truck to their yard each night, and often worked until between 7:30 p.m. and 8:00 p.m. each day.

16. Thus, Plaintiff worked between ten and twelve and one-half unpaid hours each week.

17. Throughout the relevant period, in exchange for his work, the Defendants compensated Plaintiff at his regular hourly rate of pay for only his first forty hours of work each week, and nothing at all for the hours worked each week in excess of forty.

18. Thus, Defendants failed to pay Plaintiff premium overtime pay at a rate not less than one and one-half times his regular rate of pay for the hours that he worked in excess of 40 hours each workweek.

19. Defendants failed to pay Plaintiff at any rate of pay for the hours worked prior to 6:00 a.m. and after 7:00 p.m. each day.

20. Due to Defendants' failure to compensate Plaintiff for his hours worked during his employment, Defendants deprived Plaintiff of compensation at his regular agreed upon rate of pay, and his overtime rate of pay, in violation of the FLSA and NYLL, and in violation of New York common law.

21. On or about January 15, 2024, Defendants terminated Plaintiff's employment.

22. Due to Defendants' failure to compensate Plaintiff for all his hours worked during each workweek, Defendants did not pay Plaintiff his earned wages on his regular pay day each week, or for the pay period in which he was terminated, in violation of NYLL § 191-3.

23. Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate upon Plaintiff's hire as required by NYLL § 195(1).

24. Defendants failed to provide Plaintiff with accurate wage statements of his wages earned, that included, *inter alia*, his hourly rates of pay, the amount of regular and overtime hours worked, gross wages, net wages, and deductions for each pay period as required by NYLL § 195(3).

25. By failing to properly detail Plaintiff's hourly rate upon his hire or anytime thereafter, as well as his actual hours worked and rates of pay each workweek as required by NYLL §§ 195(1) and (3), Defendants caused actual and concrete harm to Plaintiff, who was unable to determine that he had been underpaid his overtime wages and spread of hours wages throughout his employment.

26. Because Plaintiff worked without the information required by NYLL §§ 195(1) and (3), Plaintiff was unable to determine the precise amount of wages that he was entitled to receive, assess the manner in which his wages were calculated, and determine that he had been underpaid every workweek, which caused Plaintiff to suffer unpaid wages throughout his employment and causing him to suffer underpayments longer than he would have if a compliant wage notice and accurate wage statements had been provided.

27. With no way to know how much he should have been making, Plaintiff worked for approximately four years without discovering that he had been underpaid nearly every week,

5

which denied Plaintiff not only the time-value of that money, but also resulted in continued actual underpayments.

28. Defendants willfully disregarded and purposefully evaded the record keeping requirements of the FLSA and NYLL by failing to record the actual number of hours worked by Plaintiff each week.

29. Defendants failed to display notices in the workplace regarding federal and state minimum wage and overtime requirements.

30. Defendants treated and paid Plaintiff and the putative collective action members in the same or similar manner.

31. In or about December 2023, Plaintiff complained to his supervisor, James [last name unknown], that he was not being paid for all the hours that he worked each day. James responded that Plaintiff had to "do it, or you have no job."

32. Approximately one month later, on January 15, 2024, Defendants retaliated against Plaintiff for engaging in protected activity by complaining about his unpaid wages, when they terminated him for "sub-standard" performance despite the fact that Plaintiff had won a gift card from the Company for his good performance just a month prior, before his complaint.

## COLLECTIVE ACTION ALLEGATIONS

33. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

34. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interests in bringing this action.

35. Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself, individually, and the following similarly situated employees:

> All non-exempt persons who are currently, or have been, employed by the Defendants as a non-exempt, hourly paid employee including as a truck driver and/or in a similarly situated position, at any time during the three (3) years prior to the filing of their respective consent forms.

36. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

**FIRST CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)**

37. Plaintiff and FLSA Collective Action Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

38. Defendants employed Plaintiff and FLSA Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and

7

Collective Action Plaintiffs for their time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times their regular rate, in violation of the FLSA.

39. Defendants' violations of the FLSA as described in this Complaint have been willful. Therefore, a three-year statute of limitations applies pursuant to 29 U.S.C. §255.

40. As a result of Defendants' unlawful acts, Plaintiff and each Opt-In Plaintiff is entitled to recover from Defendants unpaid overtime compensation in an amount to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)

41. Plaintiff and every Collective Action Plaintiff who opts-in to this action allege and incorporate by reference all allegations in all preceding paragraphs.

42. Defendants employed Plaintiff and every Collective Action Plaintiff who opts-in to this action for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular rate, in violation of New York Labor Law.

43. By Defendants' failure to pay Plaintiff and every Collective Action Plaintiff who opts-in to this action overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

44. Plaintiff and every Collective Action Plaintiff who opts-in to this action are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## (FAILURE TO PAY WAGES DUE UNDER NYLL)

45. Plaintiff and every Collective Action Plaintiff who opts-in to this action allege and incorporate by reference all allegations in all preceding paragraphs.

46. NYLL §§ 190, 191, 198 and 663(1) require that employers pay wages to their employees in accordance with their agreed terms of employment.

47. Defendants failed to compensate Plaintiff and every Collective Action Plaintiff who opts-in to this action at his regular rate of pay for certain hours that he worked in accordance with his agreed terms of employment.

48. Defendants' violations of the NYLL have been willful and intentional.

49. Plaintiff and every Collective Action Plaintiff who opts-in to this action are entitled to recover for all hours worked for Defendants but for which Defendants did not provide compensation at their respective regular rates of pay.

50. Plaintiff and every Collective Action Plaintiff who opts-in to this action are also entitled to liquidated damages, attorneys' fees, costs of this action, and interest for Defendants' failure to pay wages in accordance with their agreed terms of employment.

## FOURTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 191-3)

51. Plaintiff and every Collective Action Plaintiff who opts-in to this action allege and incorporate by reference all allegations in all preceding paragraphs.

52. Plaintiff and every Collective Action Plaintiff who opts-in to this action were employees of Defendants, and Defendants were employers of Plaintiff and every Collective Action Plaintiff who opts-in to this action as defined by the NYLL.

9

53. NYLL § 191-3 requires that "[i]f employment is terminated, the employer shall pay the wages not later than the regular pay day for the pay period during which the termination occurred, as established in accordance with the provisions of this section. If requested by the employee, such wages shall be paid by mail."

54. Defendants terminated Plaintiff's and every Collective Action Plaintiff who opts-in to this action's employment and failed to pay Plaintiff and every Collective Action Plaintiff who opts-in to this action their complete final week of wages earned not later than his regular pay period during which the termination occurred, and still have not paid Plaintiff and every Collective Action Plaintiff who opts-in to this action those wages earned, in violation of NYLL § 191-3.

55. Defendants' violations of the NYLL have been willful and intentional.

56. Due to Defendants' violations of the NYLL, Plaintiff and every Collective Action Plaintiff who opts-in to this action are entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

## FIFTH CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 195(1))

57. Plaintiff and every Collective Action Plaintiff who opts-in to this action allege and incorporate by reference all allegations in all preceding paragraphs.

58. Defendants failed to provide Plaintiff and every Collective Action Plaintiff who opts-in to this action with notice of their rate of pay; the basis of their rates of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by New York Labor Law Section 195(1).

59. Due to Defendants' failure to provide Plaintiff and every Collective Action Plaintiff who opts-in to this action with the notice required by New York Labor Law §195(1), Defendants

are liable to Plaintiff and every Collective Action Plaintiff who opts-in to this action for statutory damages pursuant to New York Labor Law Section 198.

## SIXTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 195(3))

60. Plaintiff and every Collective Action Plaintiff who opts-in to this action allege and incorporate by reference all allegations in all preceding paragraphs.

61. Defendants failed to furnish Plaintiff and every Collective Action Plaintiff who opts-in to this action with an accurate statement with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked as required by New York Labor Law § 195(3).

62. Due to Defendants' failure to provide Plaintiff and every Collective Action Plaintiff who opts-in to this action with the notice required by New York Labor Law §195(3), Defendants are liable to Plaintiff and every Collective Action Plaintiff who opts-in to this action for statutory damages pursuant to New York Labor Law Section 198.

## SEVENTH CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT – RETALIATION)
## On Behalf of Plaintiff Lalor

63. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

64. Pursuant to FLSA § 215(a)(3), it is unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint ... under ... this chapter, or has testified or is about to testify in any such proceeding."

65. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

11

66. As also described above, after Plaintiff made a good faith complaint to Defendants regarding their failure to pay him proper wages, Defendants retaliated by terminating his employment.

67. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer emotional distress, harm to his professional reputation, mental anguish, embarrassment, humiliation, and other incidental and consequential damages, attorneys' fees, costs and interest as permitted by law.

68. Additionally, Plaintiff is entitled to liquidated damages, as well as punitive damages for Defendants' malicious, willful, and wanton violations of the FLSA's anti-retaliation provision, and all other appropriate forms of relief, including attorneys' fees and costs of this action.

**EIGHTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – RETALIATION)**
**On Behalf of Plaintiff Lalor**

69. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

70. Pursuant to NYLL § 215, it is unlawful to "discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee" who has engaged in protected activity under the statute.

71. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

72. As also described above, after Plaintiff lodged a good faith complaint with Defendants by complaining of Defendants' failure to properly pay him to his supervisor, and Defendants retaliated by terminating his employment.

73. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, economic harm, including lost wages and employee benefits, for which he is entitled to an award of monetary damages and other relief.

74. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

75. Additionally, Plaintiff is entitled to liquidated damages, as well as punitive damages for Defendants' malicious, willful, and wanton violations of the NYLL's anti-retaliation provision, and all other appropriate forms of relief, including attorneys' fees, costs of this action, and interest as permitted by law.

76. At or before the filing of his original Complaint, Plaintiff has served notice of this action upon the Office of the New York State Attorney General.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Issuing an order restraining Defendants from any further retaliation against Plaintiff and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

(ii) Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and supporting regulations and the New York Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

(iii) Awarding unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

(iv) Awarding unpaid wages pursuant to New York Labor Law and the supporting New York State Department of Labor Regulations, plus liquidated damages;

(v) Awarding damages pursuant to New York Labor Law § 195(1), (3) and New York Labor Law § 198;

(vi) Awarding all damages recoverable due to Defendants' unlawful retaliatory conduct, including but not limited to any compensatory damages for back pay, front pay, employee benefits that Plaintiff would have otherwise received, damages for emotional pain, suffering, humiliation and embarrassment, punitive damages, and liquidated damages;

(vii) Designating this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

(viii) Awarding pre- and post-judgment interest as permitted by law;

(ix) Awarding attorneys' fees and costs incurred in prosecuting this action; and

  (x) Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
    March 25, 2025

              ROMERO LAW GROUP PLLC
              490 Wheeler Road, Suite 277
              Hauppauge, New York 11788
              Tel.: (631) 257-5588

              */s/ Matthew J. Farnworth*
      By: _____
              MATTHEW J. FARNWORTH, ESQ.

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against, Autobase, Inc., and any related entities or individual defendants, to recover unpaid wages and/or damages for untimely paid wages pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* and its applicable regulations and the New York Labor Law and its applicable regulations and wage orders. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Romero Law Group to represent me in this case.

_____  
Donald Lalor

_April 1, 2024_  
Date